UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYOCERA DOCUMENT SOLUTIONS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVISION OF ADMINISTRATION, NEW JERSEY DEPARTMENT OF THE TREASURY; AMANDA TRUPPA, in her Official Capacity as Director of the Division of Administration; DIVISION OF PURCHASE AND PROPERTY, NEW JERSEY DEPARTMENT OF THE TREASURY; and AMY F. DAVIS, in her Official Capacity as Acting Director of the Division of Purchase and Property, <br><br> Defendants. | Civil Action No.: <br><br><br> **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION & TEMPORARY RESTRAINING ORDER** |

**THIS MATTER** having been opened to the Court by Lowenstein Sandler LLP, counsel for Plaintiff Kyocera Document Solutions America, Inc. ("Plaintiff" or "Kyocera America"), on an application, pursuant to Federal Rule of civil Procedure 65 and Local Civil Rule 65.1, for a Temporary Restraining Order and Preliminary Injunction against Defendants Division of Administration, New Jersey Department of the Treasury ("Defendant Division of Administration"), Amanda Truppa, in her official capacity as Director of the Division of Administration

12432/71
07/27/2023 214182637.1

("Defendant Truppa"), Division of Purchase and Property, New Jersey Department of the Treasury ("Defendant DPP"), and Amy F. Davis, in her official capacity as Acting Director of the Division of Purchase and Property ("Defendant Davis") (collectively, "Defendants");

**IT IS** on this _____ day of July, 2023,

**ORDERED** that to provide Defendants notice and opportunity to respond and to expedite Plaintiffs' application based on a showing of exigent circumstances, Defendants shall show cause before this Court within two days from the date of this Order, _____, 2023, either in-person [or via Zoom] at _____ am/pm, why this Court should not grant Plaintiff's application for the following temporary restraints to prevent imminent harm and maintain the status quo:

1. Enjoining Defendant Truppa during the pendency of this action from directly or indirectly enforcing N.J.S.A. 52:32-60.1 against Kyocera America;

2. Enjoining Defendant Truppa from placing Kyocera America on the list of entities engaged in "prohibited activities" in Russia or Belarus under N.J.S.A. 52:32-60.1; and

3. Enjoining Defendant Davis from (i) refusing to renew the existing contract between Kyocera America and Defendant DPP, (ii) refusing to otherwise contract with Kyocera America in the future, or (iii) taking any other adverse action

against Kyocera America, based on the provisions of N.J.S.A. 52:32-60.1 that are unconstitutional as applied to Kyocera America;

**IT IS FURTHER ORDERED** that such restraints, if granted, will remain in effect until Defendants show cause before this Court on _____, 2023, at _____ am/pm, why this Court should not grant Plaintiff's application for a preliminary injunction and enter an Order, pending trial on the merits, enjoining:

1. Defendant Truppa from directly or indirectly enforcing N.J.S.A. 52:32-60.1 against Kyocera America;

2. Defendant Truppa from placing Kyocera America on the list of entities engaged in "prohibited activities" in Russia or Belarus under N.J.S.A. 52:32-60.1; and

3. Defendant Davis from (i) refusing to renew the contract between Kyocera America and Defendant DPP; (ii) refusing to otherwise contract with Kyocera America in the future; or (iii) taking any other adverse action against Kyocera America, based on the provisions of N.J.S.A. 52:32-60.1 that are unconstitutional as applied to Kyocera America;

**IT IS FURTHER ORDERED** that, if Defendants intend to file an opposition to Plaintiff's application for preliminary injunction, Defendants shall file opposition papers on or before _____, 2023;

**IT IS FURTHER ORDERED** that Plaintiff may file its reply by _____, 2023; and

**IT IS FURTHER ORDERED** Plaintiff shall serve Defendants this Order within \_\_\_\_\_ day(s) from the date of this Order.

_____
United States District Judge