UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYOCERA DOCUMENT SOLUTIONS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVISION OF ADMINISTRATION, NEW JERSEY DEPARTMENT OF THE TREASURY; AMANDA TRUPPA, in her Official Capacity as Director of the Division of Administration; DIVISION OF PURCHASE AND PROPERTY, NEW JERSEY DEPARTMENT OF THE TREASURY; and AMY F. DAVIS, in her Official Capacity as Acting Director of the Division of Purchase and Property, <br><br> Defendants. | Civil Action No.: 3:23-cv-04044-RK-TJB <br><br> [PROPOSED] **ORDER GRANTING PLAINTIFF KYOCERA DOCUMENT SOLUTIONS AMERICA, INC'S MOTION FOR TEMPORARY RESTRAINTS** |

**THIS MATTER** having been opened to the Court by Lowenstein Sandler LLP, counsel for Plaintiff Kyocera Document Solutions America, Inc. ("Plaintiff" or "Kyocera America"), on a motion, pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1, for a Temporary Restraining Order against Defendants Division of Administration, New Jersey Department of the Treasury, Amanda Truppa, in her official capacity as Director of the Division of Administration ("Defendant Truppa"), Division of Purchase and Property, New Jersey Department

of the Treasury, and Amy F. Davis, in her official capacity as Acting Director of the Division of Purchase and Property ("Defendant Davis") (collectively, "Defendants");

Plaintiff having filed its Verified Complaint and Memorandum of Law in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, the Court having considered the submissions in connection with the Motion, and the Court having held oral argument on the record on August 3, 2023; for the reasons set forth on the record, and for good cause shown, the Court hereby finds that (1) Kyocera America is likely to succeed on the merits of its claims that N.J.S.A. 52:32-60.1 is unconstitutional as applied to Kyocera America; (2) without the entry of this Order, Kyocera America will suffer irreparable harm; (3) the balance of the harms weighs in favor of granting an injunction; and (4) the public good is served by an entry of a temporary restraining order, *see Amalgamated Transit Union Local 85 v. Port Auth. of Allegheny Cty.*, 39 F.4th 95, 102 (3d Cir. 2022); accordingly,

**IT IS** on this 4th day of August, 2023,

**ORDERED** that the following temporary restraints shall issue to prevent imminent harm and maintain the status quo:

1. Enjoining Defendant Truppa from directly or indirectly enforcing N.J.S.A. 52:32-60.1 against Kyocera America;

2. Enjoining Defendant Truppa from placing Kyocera America on the list of entities engaged in "prohibited activities" in Russia or Belarus under N.J.S.A. 52:32-60.1; and

3. Enjoining Defendant Davis from (i) refusing to renew the existing contract between Kyocera America and Defendant DPP, (ii) refusing to otherwise contract with Kyocera America in the future, or (iii) taking any other adverse action against Kyocera America, if those actions are based on the provisions of N.J.S.A. 52:32-60.1;

**IT IS FURTHER ORDERED** that in accordance with Federal Rules of Civil Procedure 65, the parties have consented that such restraints will remain in effect until the date of this Court's hearing on Plaintiff's motion for a preliminary injunction; and

**IT IS FURTHER ORDERED** that the parties shall appear via status teleconference on September 5th, 2023 at 2:00 ~~am~~/pm.

_____
Hon. Robert Kirsch
United States District Judge