**SILLS CUMMIS & GROSS P.C.**
Victor J. Herlinsky, Esq.
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

*Counsel for Amicus Curiae*
*Razom, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYOCERA DOCUMENT SOLUTIONS AMERICA, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DIVISION OF ADMINISTRATION, NEW JERSEY DEPARTMENT OF THE TREASURY; AMANDA TRUPPA, in her Official Capacity as Director of the Division of Administration; DIVISION OF PURCHASE AND PROPERTY, NEW JERSEY DEPARTMENT OF THE TREASURY; and AMY F. DAVIS, in her Official Capacity as Acting Director of the Division of Purchase and Property,<br><br>Defendants. | Civil Action No. 23-4044 (RK) (TJB)<br><br>**BRIEF IN SUPPORT OF MOTION BY RAZOM, INC. FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**(Oral Argument Requested)** |

### PRELIMINARY STATEMENT

Razom, Inc. ("Razom") hereby moves for leave to file an amicus curiae brief in opposition to the motion of Kyocera Document Solutions America, Inc. ("Kyocera America") for summary judgment and in support of Defendants' cross-motion for summary judgment.

## ARGUMENT

This Court has broad discretion to permit amici curiae to participate in pending cases. *United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002). When amici participate, their "classic role . . . is to assist in a case of general public interest, to supplement the efforts of counsel, and to draw the court's attention to law that might otherwise escape consideration." *Id*. Courts consider the following factors in deciding whether to grant amicus status: "whether (1) the amicus has a 'special interest' in the particular case; (2) the amicus' interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the amicus is not partial to a particular outcome in the case." *Bernard v. Cosby*, No. 1:21-cv-18566, 2022 U.S. Dist. LEXIS 143476, at *3 (D.N.J. Aug. 11, 2022). "[T]he idea that an amicus must be impartial is 'outdated,' since 'an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend.'" *Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 99 n.8 (3d Cir. 2006).

As a 501(c)(3) organization established in the United States in 2014, Razom strives to create a more democratic and prosperous Ukraine.[1] Since March 2022, in response to Russia's full-scale invasion of Ukraine, Razom has raised more than $100 million for emergency relief and psychological assistance to Ukrainian civilians, supplies and generators for medical facilities, tactical medicine and communications gear for the armed forces, and support for Ukrainian cultural projects. Razom has been assisting externally displaced Ukrainians in the New York area with everything they need to gain a sense of normalcy after being forced to flee Ukraine because of Russia's full-scale invasion.

Razom has a special interest in this case. Here, Kyocera America challenges the constitutionality of and seeks injunctive relief against enforcement of P.L.2022, c.3 (the "New

---

[1] The official website of Razom is https://www.razomforukraine.org/.

Jersey Act"), which the New Jersey Legislature unanimously enacted March 9, 2022, to preclude State entities from contracting with entities engaged in prohibited activities in Russia (or Belarus) and spending money with entities sufficiently proximate to Russia's illegal war in Ukraine. Razom has a critical interest in the unobstructed enforcement of the New Jersey Act, which ensures that no New Jersey's governmental resources could be used to fund or facilitate Russia's war efforts in Ukraine.

Razom's interests are not fully represented in this case. Within its deep connections and various projects in Ukraine, Razom has gained first-hand knowledge of the tragedies and atrocities that are now ravaging Ukraine and its people. Razom has expended tremendous resources in assisting externally displaced Ukrainians in the New York area and implementing humanitarian efforts in Ukraine. Razom seeks *amicus* status to give voice to the Ukrainian people, who strongly support the New Jersey Act and any similar statute in other States, to deny Russia's access to economic resources that could help fund its illegal war in Ukraine.

The information proffered by Razom is timely and useful. As elaborated in Razom's proposed *amicus curiae* brief, attached hereto as Exhibit A, Razom's arguments relate to two factors that courts consider in entering injunctive relief: irreparable injury and public interest. These arguments are not raised in Defendants' Brief in Opposition and Cross-Motion for Summary Judgment (ECF No. 21). As instructed by the Court, Razom submits this motion for leave to file an *amicus curiae* brief by September 22, 2023, before the Court rules on the party's summary judgment motions.

Razom is not partial to a particular outcome in the case, such as any State's business arrangement or legal enforcement with Kyocera America. Razom's pursuit in this case is a single one: maintaining the enforceability of the New Jersey Act.

## **CONCLUSION**

No one else in this case is speaking for the Ukranian people. Razom respectfully asks leave to be such a spokesperson to make arguments that supplement those made by the State.

Respectfully submitted,

By:    /s/ *Victor J. Herlinsky*
Victor J. Herlinsky
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, NJ 07102
(973) 643-7000

Dated: September 22, 2023