# **EXHIBIT A**

**SILLS CUMMIS & GROSS P.C.**
Victor J. Herlinsky, Esq.
One Riverfront Plaza
Newark, NJ 07102-5400
(973) 643-7000

*Counsel for Amicus Curiae*
*Razom, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYOCERA DOCUMENT SOLUTIONS AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVISION OF ADMINISTRATION, NEW JERSEY DEPARTMENT OF THE TREASURY; AMANDA TRUPPA, in her Official Capacity as Director of the Division of Administration; DIVISION OF PURCHASE AND PROPERTY, NEW JERSEY DEPARTMENT OF THE TREASURY; and AMY F. DAVIS, in her Official Capacity as Acting Director of the Division of Purchase and Property, <br><br> Defendants. | Civil Action No. 23-4044 (RK) (TJB) <br><br> **PROPOSED AMICUS CURIAE BRIEF OF RAZOM, INC. IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br> **(Oral Argument Requested)** |

## PRELIMINARY STATEMENT

Plaintiff Kyocera Document Solutions America, Inc. ("Kyocera America") is a 100 percent owned subsidiary of Kyocera Document Solutions Inc. ("Kyocera Japan"). Kyocera Japan, in turn, owns 100 percent of Kyocera Document Solutions Europe (Kyocera Europe.) Kyocera Europe, in turn, owns 99 percent of Kyocera Russia LLC ("Kyocera Russia"); the remaining 1 percent of Kyocera Russia is owned by Kyocera Japan. Kyocera Russia is therefore

under common ownership and control with Kyocera America. Kyocera Russia is currently operating and supplying products in Russia.

P.L.2022, c.3 (the "New Jersey Act"), which the New Jersey Legislature unanimously enacted March 9, 2022, covers Kyocera America, which is under common ownership and control of a parent company that has a subsidiary based in Russia, from entering into or renewing a contract with a State agency for the provision of goods or services. Enforcing the New Jersey Act would cause no reputation loss to Kyocera America because Kyocera America has no reputation independent from Kyocera Japan, which has approved Kyocera Russia's continued business operations in Russia and therefore tarnished the reputation of the Kyocera entities as being complicit in the Russian invasion of Ukraine. The public interest would be offended by enjoining provisions of the New Jersey Act as applied to Kyocera America.

As such, Razom, Inc. ("Razom") submits this amicus brief to oppose Kyocera America's application for an injunction precluding enforcement of the New Jersey Act. As discussed below, Razom's brief demonstrates that: (I1) Kyocera America suffers no reputational loss that may constitute an irreparable injury from enforcement of the New Jersey Act; and (2) the public interest consideration favors enforcement of the New Jersey Act.

Razom is a 501(c)(3) organization striving to create a more democratic and prosperous Ukraine. Since Russia's full-scale invasion of Ukraine, Razom has raised more than $100 million for emergency relief and psychological assistance to Ukrainian civilians, supplies and generators for medical facilities, tactical medicine and communications gear for the armed forces, and support for Ukrainian cultural projects. Razom has also been assisting externally displaced Ukrainians in the New York area. As such, Razom has a special and critical interest in this case,

which is the unobstructed enforcement of the New Jersey Act for ensuring that no New Jersey's governmental resources could be used to fund or facilitate Russia's war efforts in Ukraine.

## ARGUMENT

**I.     Kyocera America Suffers No Reputational Loss From Being Placed on the New Jersey Prohibited Entities List**

Kyocera America contends that, by being placed on the New Jersey Prohibited Entities List, it suffers reputational loss for being falsely branded as complicit in the Russian invasion of Ukraine. (ECF No. 3, at 43−44.), and it piously condemns the Russian invasion of Ukraine. This public relations position is disingenuous. Kyocera America is under the control of Kyocera Japan, just as Kyocera Russia's decision to keep operating in Russia is under the control of Kyocera Japan. Kyocera Japan wants to use its subsidiaries to have it both ways – catering to American public opinion while keeping up its Russian operations so as not to antagonize the Russian government. It is appropriate for the State of New Jersey to boycott a subsidiary whose parent wants to run with the hare and hunt with the hounds.

New Jersey law defines control as the "power to dictate" the corporation's affairs, which was found in the majority shareholders of a closely held corporation. *See, e.g.*, *Muellenberg v. Bikon Corp.*, 143 N.J. 168, 176 (1996); *Brenner v. Berkowitz*, 134 N.J. 448, 506 (1993). It follows that the 100% shareholder of a corporation, *a fortiori*, has the power to dictate the corporation's affairs and hence to control it. Here, Kyocera Japan owns 100% of Kyocera America and Kyocera Europe. (ECF No. 3, at 16.) Kyocera Europe in turn owns 99% of the Kyocera Russia, whose remaining 1% is owned by Kyocera Japan. (*Id*.) In other words, Kyocera Japan has the full power to dictate the affairs of its subsidiary corporations Kyocera America and Kyocera Russia, including their business operation and reputation management. Kyocera Japan could cause Kyocera Russia to cease operations if it chose.

Kyocera Russia apparently continues business operation in Russia to this day. Its website in Russian (https://russia.kyocera.com/) still operates and offers printing products. The website has a page (https://kyocerarussia.ru/delivery/) with detailed description on the delivery of products throughout Russia. By approving Kyocera Russia's continued business operation in Russia, Kyocera Japan is contributing tax revenues and products to Russia that could be used in Russia's war efforts in Ukraine. Prohibiting business with Kyocera America is a message to Kyocera Japan that it cannot play both sides of the fence.

Nevertheless, Kyocera America asserts that it "opposes the war in Ukraine and is in compliance with U.S. sanctions and restrictions on business activities related to Russia" and "condemns Russia' war of aggression." (ECF No. 3, at 13−14.) Kyocera America's assertion is disingenuous, as it cannot claim any reputation that is independent from Kyocera Japan or Kyocera Russia. Moreover, the Kyocera entities, with their continued operation in Russia, have already tarnished their reputation for being complicit in the Russian invasion of Ukraine. Therefore, placing Kyocera America on the New Jersey Prohibited Entities List brings no additional reputation loss to the Kyocera entities, including Kyocera America.

## II.     The Public Interest and Equity Strongly Favor Unobstructed Enforcement of the New Jersey Act

Kyocera America argues that enforcing the New Jersey Act against Kyocera America is unconstitutional and "the public interest would not be offended by enjoining provisions of the New Jersey Act . . . as applied to Kyocera America." (*Id.*, at 47.) Razom strongly opposes this argument, which also is contradicted by Kyocera America's own admission that it "opposes the war in Ukraine" and "condemns Russia' war of aggression."

"Russia's invasion has levied a heavy toll on Ukraine and its people." *Birmingham v. Doe*, 593 F. Supp. 3d 1151, 1161 (S.D. Fla. 2022). To this day, Ukraine and its people have been

"suffering the all-out assault of Putin's craven war for land and power. For eighteen months, Ukrainian families have lived under the daily threat of Russian rockets and the reality of brutal attacks. But the people of Ukraine have refused to break." President Joe Biden, *Statement from President Joe Biden on Ukraine Independence Day*, The White House (Aug. 24, 2023), https://www.whitehouse.gov/briefing-room/statements-releases/2023/08/24/statement-from-president-joe-biden-on-ukraine-independence-day/. "Moscow's actions in Ukraine threaten to set new precedents on European soil, undermining these basic international principles vital to peace and security." Secretary of State Antony J. Blinken, *United with Ukraine*, The State Department (Last Updated Oct. 21, 2022), https://www.state.gov/united-with-ukraine/. "These principles extend beyond Ukraine. They principles extend beyond Europe. These principles are the underpinnings of the international order that together the United States and our Allies and partners have built and sustained." *Id*.

The tragedies and atrocities in Ukraine have led to "the United States' clearly articulated and broad support for Ukraine's sovereignty in the face of Russia's invasion," *Doe v. The Taliban*, No. 6:22-cv-990, 2023 U.S. Dist. LEXIS 120155, at *18 (N.D.N.Y. July 12, 2023), and "a groundswell of support for Ukrainians among those in western democracies, including in the United States." *Strizheus v. City of Sioux Falls*, No. 4:23-CV-04028-RAL, 2023 U.S. Dist. LEXIS 53901, at *17 n.17 (D.S.D. March 27, 2023). Since "Russia's unprovoked and reprehensible invasion of Ukraine," "American support for Ukraine has continued to be strong in most segments of society." *Id*.; *see also* President Joe Biden ("So today, as Putin continues his brutal war to erase Ukraine's independence and redraw the map of our world by force, Americans all across the country stand united with the people of Ukraine.").

Here, the New Jersey Act bars the State from entering into contracts that could be perceived to express either the State's support for or its indifference toward the unprovoked invasion of Ukraine in violation of international law. (ECF No. 21, at 19.) It undoubtedly serves "the United States' interests in supporting Ukrainian war efforts." *Doe*, 2023 U.S. Dist. LEXIS 120155, at *18; *see also* Secretary of State Antony J. Blinken ("We are resolute that a democratic, prosperous, and secure Ukraine is in the interest not only of the people of Ukraine, but also of the United States and the international community"). As explained in Defendants' Brief in Opposition and Cross-Motion for Summary Judgment, enforcing the New Jersey Act against Kyocera America is constitutional (ECF No. 21, at 13−31) and would not disserve the public interest. Moreover, the public interest in the unobstructed enforcement of the New Jersey Act, which involves critical humanitarian interests and the United State's national security, outweighs any uncolorable constitutional claim of Kyocera America. *See Defense Distributed v. United States Dep't of State*, 838 F.3d 451, 453 (5th Cir. 2016) ("Because the district court concluded that the public interest in national security outweighs [p]laintiffs-[a]ppellants' interest in protecting their constitutional rights, it denied a preliminary injunction, and they timely appealed. We conclude the district court did not abuse its discretion and therefore affirm."); *Rosa v. McAleenan*, 583 F. Supp. 3d 850, 886 (S.D. Tex. 2019) ("While the protection of constitutional rights are '[o]rdinarily . . . the highest public interest at issue in a case,' matters such as national security and national defense can outweigh a movant's constitutional rights.").

Therefore, the public interest *would be offended* by enjoining enforcement of the New Jersey Act, and equity demands unobstructed enforcement of the New Jersey Act.

## **CONCLUSION**

For the reasons stated herein, Razom, Inc. respectfully requests that Plaintiff's motion for summary judgment be denied, and Defendants' cross-motion for summary judgment be granted.

                                              Respectfully submitted,

By:    */s/ Victor J. Herlinsky*
           Victor J. Herlinsky
           **SILLS CUMMIS & GROSS P.C.**
           One Riverfront Plaza
           Newark, NJ 07102
           (973) 643-7000

Dated: September 22, 2023